**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
───────────────────────────────────

**UNITED STATES OF AMERICA,**

    - against -

**RENE VICTORIA RODRIGUEZ,**

        **Defendant.**

**22-cr-648-1 (JGK)**

**MEMORANDUM OPINION AND ORDER**

───────────────────────────────────

**JOHN G. KOELTL**, District Judge:

The defendant, Rene Victoria Rodriguez, moves pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) for a reduction in his sentence based on allegedly "extraordinary and compelling reasons." For the reasons explained below, the motion is **denied**.

**I.**

In August 2023, the defendant pleaded guilty to conspiracy to commit bank fraud. See Minute Entry Aug. 2, 2023. In February 2024, the Court sentenced the defendant principally to a below-Guidelines sentence of 38 months' imprisonment. See Sent'g Tr. at 16-17.

In September 2024, the defendant moved for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(2) based on the retroactive application of that part of Amendment 821 to the Sentencing Guidelines that added § 4C1.1 to the Guidelines. See ECF No. 117. In October 2024, the Court denied the motion, concluding that the Court had already applied U.S.S.G. § 4C1.1

at sentencing and that therefore no further adjustment to the defendant's sentence was warranted. See ECF No. 123.

The defendant now moves for a reduction in his sentence based on allegedly extraordinary and compelling circumstances pursuant to 18 U.S.C § 3582(c)(1)(A)(i). See Jan. 28, 2025 Mot. Specifically, the defendant argues that his wife is incapacitated and that he is the only available caregiver for his wife and her minor daughter.

## II.

18 U.S.C. § 3582(c)(1)(A)(i) provides:

> The court may not modify a term of imprisonment once it has been imposed except that . . . the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

Thus, a court may grant compassionate release, assuming the defendant has pursued administrative remedies as required, where there are "extraordinary and compelling reasons" warranting a sentence reduction, and the reduction is both supported by the

2

factors set forth in 18 U.S.C. § 3553(a) and "consistent with applicable policy statements issued by the Sentencing Commission." Id.

The policy statement in U.S.S.G. § 1B1.13 sets forth a list of "extraordinary and compelling reasons" that may warrant a reduction in sentence. Most relevant on this motion is the "Family Circumstances" category, which provides that extraordinary and compelling reasons may include: "[t]he death or incapacitation of the caregiver of the defendant's minor child"; "[t]he incapacitation of the defendant's spouse . . . when the defendant would be the only available caregiver for the spouse"; and "circumstances similar to those listed . . . involving any other immediate family member or an individual whose relationship with the defendant is similar in kind to that of an immediate family member, when the defendant would be the only available caregiver for such . . . individual." U.S.S.G. § 1B1.13(b)(3)(A)-(D).

An earlier version of U.S.S.G. § 1B1.13 was found to be inapplicable to motions brought by defendants—rather than by the Director of the Bureau of Prisons—and hence was non-binding on district courts evaluating such motions. United States v. Brooker, 976 F.3d 228, 236 (2d Cir. 2020). However, through amendments effective as of November 1, 2023, the Sentencing Commission resolved the issue identified in Brooker and made

3

clear that U.S.S.G. § 1B1.13 now applies when district courts consider motions made by defendants. See, e.g., United States v. Azari, No. 19-cr-610, 2024 WL 4135001, at *2 (S.D.N.Y. Sept. 10, 2024); see also United States v. Laford, No. 11-cr-1032-07, 2024 WL 3778890, at *3 (S.D.N.Y. Aug. 12, 2024); United States v. Corbett, No. 10-cr-184, 2023 WL 8073638, at *3 (S.D.N.Y. Nov. 21, 2023). In other words, the more expansive definition of "extraordinary and compelling reasons" as set forth in cases like Brooker no longer applies.

### III.

In this case, the defendant has exhausted his administrative remedies because he sought compassionate release from the warden of LSCI Allenwood, and the warden denied the request. See 18 U.S.C. § 3582(c)(1)(A). It is undisputed that the defendant has exhausted his administrative remedies. See Gov't Opp. at 5 n.5, ECF No. 132.

However, the defendant has not established "extraordinary and compelling reasons" that warrant a reduction in his sentence. The defendant argues that the medical conditions of his wife support such release, but the defendant has failed to submit medical records demonstrating that his wife is incapacitated. Although the medical record relating to the defendant's wife indicates that she experiences pain and has difficulty with some activities of daily living, the medical

4

record also shows that she is making progress in physical therapy. And the defendant reports that his wife is still working. Therefore, the defendant's wife's medical conditions do not rise to the level of "incapacitation" contemplated by U.S.S.G. § 1B1.13(b)(3)(B). See, e.g., United States v. Borland, No. 18-cr-487, 2024 WL 4026068, at *8 (S.D.N.Y. Sept. 3, 2024) (finding the defendant's wife's medical conditions "to be insufficient to constitute an extraordinary and compelling circumstance" where the wife "ha[d] a risk, but not a certainty, of future episodes of incapacitation" due to angioedema (swelling underneath the skin) and a kidney disorder); United States v. O'Bryant, No. 16-cr-317, 2023 WL 8447995, at *5 (S.D.N.Y. Dec. 6, 2023) (concluding that materials establishing that the defendant's wife experienced "pain and reduced mobility" due to various physical ailments "do not establish that she is incapable of caring for herself").

Moreover, the defendant has failed to show that he is the "only available caregiver" for his wife. U.S.S.G. § 1B1.13(b)(3)(B). The defendant indicates that his wife lives with his parents. Although the defendant states that neither of his parents can assist his wife in a meaningful way because of their own health conditions, the defendant provides no medical documentation regarding his parents' conditions and their ability to render adequate care. See United States v. Romano,

707 F. Supp. 3d 233, 237-38 (E.D.N.Y. 2023) ("Without medical evidence regarding the extent of [the defendant]'s father's incapacitation and medical evidence detailing [the defendant]'s mother's inability to provide his father the necessary assistance, the Court cannot conclude that she would be an inadequate caregiver."). Also, the defendant submits letters from various family members undercutting his argument that he is the only family member able to take care of his wife. In short, the defendant "has not met his burden to show . . . that there is no other family member or other caretaker capable of providing the necessary care." United States v. Lindsey, No. 13-cr-271, 2021 WL 37688, at *3 (S.D.N.Y. Jan. 4, 2021).

Finally, the § 3553(a) factors do not support release. This was a serious crime with an intended loss of over $12 million. The Court sentenced the defendant to a below-Guidelines sentence of principally 38 months' imprisonment. The defendant has only served approximately eight months of that sentence with a projected release date in March 2027. The sentence sought by the defendant after the reduction would not be adequate to reflect the seriousness of the offense and the need for deterrence.

Accordingly, the motion for a reduction in sentence is **denied.**

**SO ORDERED.**

Dated:   New York, New York
         March 31, 2025

_____
John G. Koeltl
United States District Judge